IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Emmanuel T. Mohammed,         :

    Plaintiff,            :

  v.                            :        Case No. 2:11-cv-469

                                           :        JUDGE JAMES L. GRAHAM
Michael Lofreso, et al.,               Magistrate Judge Kemp
                                           :

    Defendants.

REPORT AND RECOMMENDATION

    On May 31, 2011, plaintiff Emmanuel T. Mohammed, filed a complaint and a request for leave to proceed *in forma pauperis.* His affidavit reveals that he is unable to afford the filing fee for a civil action.  The Court must now screen his complaint under 28 U.S.C. 1915(e) before determining whether to otder the Marshal to serve the complaint.  For the following reasons, it will be recommended that this case be dismissed.

I.

    28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal

district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972).  The complaint will be evaluated under these standards.

                             II.
     The following information is taken from the documents attached to the form complaint.  Mr. Mohammed founded the Mission for Children's Health Africa in April, 2005.  This non-profit organization transports children from Ghana to the United States for medical treatment.  In the typical scenario, a child stays with a host family, receives pro bono medical care, and then returns to Ghana.  In April, 2009, Mr. Mohammed brought Mohammadu Alhassan to the United States for treatment at Nationwide Children's Hospital in Columbus, Ohio.  The now twelve-year old child, who was orphaned at age two, has been staying in Lewis Center, Ohio, with a host family, Michael and Lia Lofreso, while undergoing reconstructive surgery.  The child is in the United States on a temporary medical visa and, in accordance with the terms of the program established by Mr. Mohammed, is required to return to Ghana.  The LoFresos were made aware of this requirement when they agreed to host the child.  The Lofresos, however, have expressed a desire to adopt the child and did not return him to Mr. Mohammed at the designated time and place in May, 2011.  Mr. Mohammed is the child's legal guardian and is responsible for renewing the child's visa with the United States Citizenship and Immigration Service.  Mr. Mohammed has filed this action seeking a Court order directing the Lofresos to return the

child to him so that he may return the child to Ghana.  As stated by Mr. Mohammed, he seeks "[t]o obtain custody of the child (MOHAMMADU ALHASSAN) to return him to his home country Ghana West Africa."

In addition to the documents attached to the form complaint, Mr. Mohammed has filed a letter, several pictures, and two statutory declarations from individuals stating that the child should not be adopted by the Lofresos but should be returned to Ghana.

### III.

In order for this Court to grant relief, it must have jurisdiction over the parties' dispute.  Federal courts are courts of limited jurisdiction, and if a case does not fall within the categories of cases described in Article III, section 2 of the United States Constitution and also within the jurisdiction granted to the Court by Act of Congress, the Court may not hear the case.  Generally, for civil matters, the United States District Courts have jurisdiction to resolve either cases arising under federal law, see 28 U.S.C. § 1331, or cases arising under state law if the parties to such cases are citizens of different states and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332.

The form complaint itself does not contain much specific information relating to the type of claim Mr. Mohammed is seeking to assert here.  On the form complaint, however, Mr. Mohammed checked the box indicating that this Court's jurisdiction arises under 28 U.S.C. §1343(3).  The most common type of claim asserted by plaintiffs alleging such jurisdiction is a claim under 42 U.S.C. §1983.  That statute prohibits a state or local governmental official from depriving a person of his or her constitutional rights.  In order to state a claim for relief under §1983, the defendant or defendants must be governmental

officials or must otherwise have engaged in "state action," and a complaint must be filed in the federal court not later than two years after the events about which the plaintiff complains. See Flagg Bros. v. Brooks, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989).

While §1983 claims may frequently be brought under 28 U.S.C. §1343(3), the defendants in this case appear to be private citizens who are not state actors and have not engaged in "state action." Rather, as discussed above, the child appears to be living with the Lofresos as a result of a private agreement entered into by the Lofresos and Mr. Mohammed or his non-profit organization. Consequently, the complaint cannot be construed as stating a claim for relief under 42 U.S.C. §1983.

Instead, the focus of Mr. Mohammed's claim appears to be his request to obtain custody of the child from the Lofresos. Under this circumstance, a fair reading of the complaint may be that Mr. Mohammed is claiming that the child is in the custody of the Lofresos in violation of the Constitution or laws or treaties of the United States. To the extent that his complaint may be read in this way, Mr. Mohammed may be attempting to state a claim for habeas corpus relief pursuant to 28 U.S.C. §2254(a). See Loss v. Eggleston, 877 F.2d 62, 1989 WL 65531 (6th Cir. June 19, 1989) (unpublished table decision). That statute provides as follows:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

However, even if the Court construed Mr. Mohammed's complaint as attempting to state a claim for habeas relief pursuant to §2254, that statute cannot confer federal court

jurisdiction under the circumstances presented here.  <u>Lehman v. Lycoming County Children's Services Agency</u>, 458 U.S. 502, 516 (1982); <u>see</u> <u>also</u> <u>Miller v. Commonwealth of Kentucky Cabinet for Health & Family Services</u>, 2005 WL 3050465 (W.D. Ky. Nov. 14, 2005).  First, according to the information provided by Mr. Mohammed, the child is not in the "custody" of the Lofresos pursuant to any state court judgment but rather as a result of a private agreement.  Moreover, even if Mr. Mohammed were challenging a state court judgment relating to the custody of the child, the Court would not have jurisdiction over such a claim for habeas relief.  The availability of such relief is generally limited to challenges to state court criminal convictions which resulted in "substantial restraints not shared by the public generally." <u>Id</u>. at 510.

Accordingly, habeas has never been considered "a generally available federal remedy for every violation of federal rights" and "federal habeas has never been available to challenge parental rights or child custody." <u>Id</u>. at 510, 511.  In <u>Lehman</u>, a mother whose parental rights were terminated under state law sought a writ of habeas corpus, challenging the constitutionality of the state statute under which the state had obtained custody of her children and terminated her parental rights.  As the Supreme Court explained,

> Children [] placed in foster homes pursuant to an order of a [] court, [] are not in the "custody" of the State in the sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus.  They are in the custody of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents.  Their situation in this respect differs little from the situation of other children in the public generally; they suffer no unusual restraints not imposed on other children.... The "custody" of foster or adoptive parents over a child is not the type of custody that traditionally has

-5-

been challenged through federal habeas. Id. at 510-511.

Here, Mr. Mohammed has alleged that the child currently is in the custody of the Lofresos as a result of a private agreement. Mr. Mohammed does not allege that the child is in state custody or is suffering "unusual restraints not imposed on other children" as might suggest grounds for habeas relief. He has not alleged that the child is a prisoner or suffers any restrictions imposed by a criminal justice system. In essence, Mr. Mohammed has not alleged any deprivation of liberty to differentiate significantly the child's situation from that of the children in Lehman. As the Supreme Court made clear in Lehman, the federal writ of habeas corpus is not intended for use in resolving "custody" disputes between private parties. While the Lehman court expressed "no view as to the availability of federal habeas when a child is actually confined in a state institution," that also is not the situation presented here. Lehman, at 511 n.12. The Court notes that Mr. Mohammed would fare no better if the Court were to consider his claim under 28 U.S.C. §2255 - authorizing federal court collateral review of federal court decisions - for essentially the same reasons discussed above. Consequently, the Court is without jurisdiction to consider any claim for habeas relief relating to the child.

Finally, the Court notes that Mr. Mohammed filed this action following the Lofreso's alleged failure to return the child as agreed. To the extent that Mr. Mohammed may be asserting a breach of contract claim based on the Lofreso's failure to abide by the agreement, the Court also lacks jurisdiction over such a claim. Such a breach of contract claim arises under state law, not federal law. As stated above, in order for the Court to exercise diversity jurisdiction over state law claims, the parties must be citizens of different states. It appears from

the complaint that Mr. Mohammed and the Lofresos are all citizens of Ohio.  Consequently, this Court cannot exercise diversity jurisdiction over any breach of contract claim.

One additional note is in order.  Under the domestic relations exception, federal courts have no power to issue divorce, alimony, and child custody decrees.  <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 703 112. S.Ct. 2206 (1992).  As explained by the Supreme Court in <u>Ankenbrandt</u>, for a number of reasons including efficiency and expertise, those types of issues are more properly considered by state courts.  <u>Id</u>. at 704.  Given the status of the parties in this case as explained by Mr. Mohammed, the complaint does not appear to raise any domestic relations issue.  However, to the extent that it could be construed otherwise, the domestic relations exception provides an additional limitation on the Court's ability to address Mr. Mohammed's request for custody.

In short, there does not appear to be any basis on which Mr. Mohammed may legitimately proceed against these defendants in federal court.  That being so, this case should be dismissed under 28 U.S.C. § 1915(e)(2).

### IV.

For the above reasons, it is recommended that this case be dismissed pursuant to 28 U.S.C. §1915(e)(2), without prejudice to Mr. Mohammed's ability to pursue appropriate relief in a state court.  Should this recommendation be adopted, a copy of the complaint, the Report and Recommendation, and any dismissal order should be mailed to the defendants.

### Procedure on Objections

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or

recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp  
United States Magistrate Judge